## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  14-05463  BKT |
| FEDERICO A RAMOS GARCIA | Chapter  13 |
| | Adversary No.  15-00297 |
| **Debtor(s)** | |
| FEDERICO A RAMOS GARCIA | |
| **Plaintiff** | |
| vs. | |
| DLJ MORTGAGE CAPITAL INC C/O SELECT PORTFOLIO SERVICING | |
| **Defendant(s)** | **FILED & ENTERED ON 06/04/2019** |

## OPINION & ORDER

Before the court is Defendant DLJ Mortgage Capitol, Inc.'s (hereinafter "DLJ") *Motion for Summary Judgment* [Dkt. No. 70]; DLJ and Plaintiff Federico A. Ramos Garcia's (hereinafter "Debtor" or "Plaintiff") *Joint Motion Submitting Factual Stipulations* [Dkt. No. 67]; and Plaintiff's *Reply to Defendant's Request for Summary Judgment* [Dkt. No. 76]. Both DLJ and Plaintiff state in their motions that this case presents a matter of law and legal interpretation.

1

There are no material facts in dispute. For the reasons set forth below, DLJ's *Motion for Summary Judgment* [Dkt. No. 70] is DENIED. Plaintiff's cross motion request for summary judgment contained in his *Reply to Defendant's Request for Summary Judgment* [Dkt. No. 76] is GRANTED.

## A. FINDINGS OF FACT

After considering the totality of the record, including DLJ and Plaintiff's *Joint Motion Submitting Factual Stipulations* [Dkt. No. 67], the following are the material facts in this controversy:

1. On July 1, 2014, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code [Main Case, Dkt. No. 1].

2. In the related legal case, claim numbers 8-1, 8-2, 9-1, 9-2 and 9-3 were filed by the Debtor and listed as secured. The last amendment to these claims was done on January 27, 2015.

3. Upon an unfavorable recommendation by the chapter 13 trustee, on June 12, 2015, the Debtor eliminated the direct mortgage payments and arrears and increased the base of the plan.

4. On December 14, 2015, Plaintiff, filed a *Complaint to Determine Validity and Extent of DLJ Mortgage Capital's and Banco Popular de Puerto Rico's Lien and to Establish Their Claims as Wholly Unsecured Claims* [Dkt. No. 1, adversary case].

5. The Plaintiff is the sole owner of a real property located in Las Cuevas Ward, Km. 13.3, Trujillo Alto, Puerto Rico (hereinafter, the "Property") The description of the Property, as found in the Property Registry, is:

   URBANA: Solar en el Barrio Cuevas del Municipio de Trujillo Alto, Puerto Rico, con una cabida superficial de veintiún (21) centésimas de cuerda equivalente a ochocientos diecisiete punto cincuenta y dos (817.52) metros cuadrados. En lindes por el Norte, en trece punto sesenta y seis (13.66) metros con terrenos de Juan Feliciano; por el Sur, en catorce punto treinta y nueve (14.39) metros con carretera estatal #175; por el Este, en cincuenta y nueve punto veinte (59.20) metros con terrenos de Aguedo Adorno y por el Oeste, en cincuenta y ocho punto veintinueve metros (58.29) con terrenos de Cándido Arroyo.

6. This Property is currently in possession of Plaintiff's mother, Nydia Elisa García Monge.

7. Plaintiff obtained partial legal title and ownership of the Property through a Declaration of Heirs entered in the state court Case No. FJV2003-09402, establishing that Plaintiff, Plaintiff's sister, Rosa Amarilis Ramos García and Plaintiff's mother, Nydia Elisa García Monge are the heirs of deceased Plaintiff's father, Catalino Ramos Díaz.

8. Plaintiff obtained sole legal title over the above-mentioned property through a donation executed through Deed No. 1, dated January 16, 2006, authorized by Notary Ramon Rivera Cano. Through this deed, Plaintiff's mother and sister donated their participation in the Property to Plaintiff.

9. With regards to the referenced donation deed, on April 14, 2008, the Registrar of the Property (hereinafter "Registrar") notified certain defects. Such notification expired on June 16, 2008, without the correction of the defects.

10. Specifically, the Registrar notified the following defects with regards to the referenced Deed No. 1:

The certificate of release of estate tax lien ("relevo de hacienda") must be amended for it incorrectly states that the value of the property and the participation of the deceased (Catalino Ramos Díaz) in the property are for the same amount when from the document filed it appears that the property is part of a legal conjugal partnership ("ganancial").

The releases accompanied with the donations do not add up to the value that is provided in the deed for the donation, therefore the other documents pending (Mortgage Deed No. 140 of March 14, 2003, Mortgage Deed No. 141 of March 14, 2008, Mortgage Deed No. 125 of December 16, 2004 and the Declaration of Heirs of December 28, 2005) must be clarified. (Translation ours).

11. The heirs' declaratory judgment which provided "chain of title" for Deed No. 1 was also notified with defects by the Registrar April 14, 2008. Such notification expired on June 16, 2008.

12. Specifically, the Registrar notified the following defect with regards to the heirs' declaratory judgment:

The certificate of release of estate tax lien (relevo de Hacienda) must be amended for it incorrectly states that the value of the property and the participation of the deceased (Catalino Ramos Diaz) in the property are for

3

the same amount when from the document filed it appears that the property is part of a legal conjugal partnership ("ganancial") and/or was owned by both the deceased and his wife Nydia Elisa Garcia Monge. (Translation ours).

13. On March 14, 2008, Debtor executed mortgage deed No. 140 before Notary Rafael A. Ojeda Diez, to guarantee a mortgage note in the principal sum of $120,000.00 with interest at the rate of 8.625% per annum in favor of Doral Mortgage, LLC, successor in interest to DLJ. This document was presented to the Puerto Rico Registry of Property (hereinafter "Property Registry") on June 3, 2009.

14. On the same day, Plaintiff executed a second mortgage deed in the amount of $22,500.00 with accruing annual interests of 8.625%. It was presented to the Property Registry on June 3, 2009.

15. On December 27, 2010, Law No. 216 was enacted. By virtue of Act 216 of December 27, 2010 (hereinafter "Law 216"), both of the mortgage deeds referenced herein were recorded at the Property Registry.  See 30 P.R. Laws Ann. §1821-1831.

16. On June 21, 2017, the Defendant took the deposition of the Plaintiff.

17. During his deposition, Plaintiff testified that approximately three years after Mortgage Deed No. 140 was executed, Notary Rivera Cano informed him that the Registrar had notified certain defects in connection with the donation deed. (Deposition, P. 16, Line 13-18). The Registrar notified certain defects on April 14, 2008, and such notification expired on June 16, 2008.

18. Specifically, Plaintiff testified that Notary Rivera Cano informed him that he had to take action regarding the defects notified by the Registrar. Notary Rivera informed Plaintiff that there was an error in the Certificate of Release of Estate Tax Lien. (Deposition, p. 19).

19. Plaintiff testified that he personally prepared the Certificate of Estate Tax Lien (Deposition, P. 25, Lines1-15).

20. Plaintiff testified that he did not take any steps to correct defects notified by the Registrar in connection with the Certificate of Estate Tax Lien he prepared. (Deposition, P. 33, Lines 2-7).

21. Plaintiff testified that he may not have corrected the defects notified by the Registrar due to lack of knowledge. (Deposition, P. 33, Lines 2-8).

4

22. Currently the Property is recorded in favor of Catalino Ramos Diaz and his wife Nydia Garcia Monge, Plaintiff's parents.

## B. STANDARD OF REVIEW

The object of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Pursuant to Fed. R. Civ. P. 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

## C. LEGAL ANALYSIS

Plaintiff's Complaint refutes the validity of the mortgage securing the note currently held by DLJ, and seeks a ruling from this court: (i) that the mortgage guaranteeing the mortgage note held by DLJ's is invalid; (ii) that Proof of Claim 8-1 (as transferred to DLJ) should be treated as an unsecured claim; (iii) that the court enter an order directed at the Property Registry to eliminate the mortgage deed recorded therein; and, (iv) to order DLJ to return to the Chapter 13 Trustee any payments received after the petition date.

Plaintiff contends that the issue in controversy is whether Law 216[1] may register a mortgage deed executed by Plaintiff, over Plaintiff's property, when the property itself is registered in the name of a third party. At the time that Debtor filed his voluntary petition, the Property was recorded by a mortgage deed presented by DLJ pursuant to Law 216. This, Plaintiff argues, was in error. First, Law Number 216 only establishes a presumption of correctness. Second, such presumption can be refuted through a judicial decision. Third, in the instant case Doral's[2] registration of its mortgages was a mistake, and Law Number 216 provides for the rectification of such mistakes. Doral's mortgages should not have been registered because they lacked "tracto" or sequence in the chain of titleholders. Thus, the basic principle of Article 57 of the Puerto Rico Mortgage Law, which indicates that an act to mortgage needs to be done by the registered owner, is absent in the instant case. Moreover, the bad faith allegations made by DLJ in their answer to the complaint have no foundation. After the Order for Relief, the Debtor continued his mortgage payments to DLJ and only filed the instant adversary proceeding when the trustee questioned the validity of the secured status of claims 8 and 9.

DLJ submits that the mortgage in question has been properly recorded by operation of Puerto Rico law and, as such, Plaintiff's request for relief in the instant adversary proceeding is the result of an incorrect legal interpretation of said law. In this context, Law 216 provides the legal framework for the validity of the mortgage being attacked by Plaintiff. In the same vein, the interpretative

---

[1] Act to Streamline the Property Registry.

[2] After its demise Doral Bank transferred Debtor's mortgages to DLJ and Banco Popular de Puerto Rico (hereinafter "BPPR"). Plaintiff named both DLJ and BPPR as Defendants in this adversary however Plaintiff settled with BPPR in July 2016. See Dkt. No.'s 33, 35, 37.

6

jurisprudence of Law 216 lends further support to DLJ's contention that its mortgage is valid under Puerto Rico law. DLJ alleges that Plaintiff is not the registered owner of the property as a direct result of his lack of diligence. Plaintiff's donation deed was not recorded at the Registry because Plaintiff failed to correct the required certificate of release of estate tax lien. Such error prevented the recordation of the vesting deed. Taking these arguments as a whole, DLJ requests that the court dismiss Plaintiff's complaint as to DLJ, find that the mortgage was validly recorded at the Registry and, that DLJ's claim in the legal case be treated as secured.

### 1. Puerto Rico Mortgage Law

Pursuant to Puerto Rico Law, every mortgage must satisfy three essential requisites in order to be validly constituted: (i) "secure the fulfillment of a principal obligation" In re Ramos, 493 B.R. 355, 365 (Bankr.D.P.R. 2013); (ii) be "stipulated in a deed" and; (iii) it shall be recorded at the Registry of Property. P.R. Laws Ann. Tit. 30, § 2607. In its linguistic term, "constitutive" stands for: (i) "[m]aking a thing what it is; essential[] and (ii) [h]aving power to institute, establish, or enact." Random House Webster's Dictionary (Random House, Inc., 1990). Without the recording, "[t]he mortgage deed turn[s] the promissory note into a personal obligation, unsecured, solely enforceable against the maker." Roig Commercial Bank v. Dueno, 617 F. Supp. 913, 915 (D.P.R. 1985). In other words, "[a] creditor [will] only ha[ve] an unsecured personal obligation regarding the underlying debt." Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 121 (1st Cir. 2011); see also In re Amelan, 499 B.R. 236, 238 (Bankr.D.P.R. 2013).

In accordance to the above, it is safe to say that "[t]he presentation of the mortgage deed at the Registry of Property is the catalyst for the recording process in Puerto Rico." <u>ACM Penfield, LLC v. Jolley-Talley</u>, 2016 WL 715761 at 1 (internal citations omitted). Following the presentation, "the registrar must pass judgment on the documents within sixty days, or some 'just cause' period thereafter, and then either…record them or alert the applicant [should there be] any defect." <u>Soto Rios,</u> 662 F. 3d at 121.

Also, in order for a mortgage deed to properly gain access to the Registry it must comply with the successive chain of ownership, also known as "tracto sucesivo" in Spanish. Article 57 of Puerto Rico Mortgage Law of 1979 prescribes, in pertinent part, that:

> In order to record documents that declare, convey, encumber, modify or extinguish dominion and other real rights on real property, the right of the person who grants them or in whose name the referred transactions or contracts are granted must appear previously recorded.
>
> Registration shall be refused if the right is recorded in the name of a person other than the one who is granting the conveyance or lien. P.R. Laws Ann. Tit. 30, § 2260.

It is well established law that "[t]he principle of chain of title is manifested in the Registry's entries in two ways: (i) the system of prior registration so that each device has its own entry, and (ii) the abbreviated system version of chain of title which allows successive devices to appear in an orderly manner with their corresponding acquisitions." <u>Chase Manhattan Bank v. Registrador</u>, 136 P.R. Dec. 650 (1994). Article 57 seeks that the "[r]eal estate registry system be predicated on the certainty and correction of its entries." <u>In re Perez Mujica</u>, 457 B.R. 177, 188 (Bankr.D.P.R. 2011).

As stated earlier, Article 57's sole purpose is to assert that every document that gains access to the registry is "[c]omplete and clear as possible." Id. In other words, "[i]f the title submitted appears to be authorized by someone different from that in the Registry, that is, the titular registrant, Registry must be 'closed' making inscription impossible." Chase Manhattan Bank, 136 P.R. Dec. at 650. By doing so, the Registrar safeguards third parties' interests in real property, giving certainty that every document that is recorded pursuant to Puerto Rico Mortgage Law is exact and reliable.

Professor Luis Rafael Rivera Rivera (hereinafter "Rivera") posits that the principle of the successive tract or continuance requires that the judicial history of every registered real property, in regards to its successive titleholders, should appear without any gap or interruptions. Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 226 (3.d ed., 2012). Thus, stating that "today's transferee shall be yesterday's acquirer, and the actual titleholder according to the registry shall be tomorrow's transferee." Id. In other words, when a mortgage deed tries to record the property right of someone that appears to be different from that of the granter, such recordation shall be denied *prima facie*. Id. at 228.

Analogous to the case under consideration, the plaintiff in In re Ramos challenged the defendant's status as a secured creditor. The plaintiff's argument was that the registration of the mortgage deed was invalid pursuant to Article 57 of the Puerto Rico Mortgage Law, because the successive chain in the Registry was interrupted. In re Ramos, 493 B.R. at 36. In both, In re Ramos and the case at bar, the registered owner is someone different from the person who executed the mortgage deed. As noted before, when a link in the successive chain of title is missing, the mortgage

9

deed is by virtue invalid, thus making the lien void, and turning the obligation into an unsecured personal one. Roig Commercial Bank, 617 F. Supp. at 915.

In the case before us, DLJ contends that its mortgage deed was validly recorded under Law 216, even though the purchase deed was not recorded due to several defects. For the reasons set forth below, this court disagrees.

**2. Law 216**

Acknowledging the judicial traffic and the backlog in the Commonwealth's Property Registry, Legislature enacted Law 216. Pursuant to this law, "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter of law." ACM Penfield, LLC., 2016 WL 715761 at 1; (citing Soto-Rios, F.3d at 114 n. 1. Law 216 contains several exceptions to its general dispositions not applicable to the case at bar. Id. "Law 216 creates, in essence, a rebuttable presumption of valid recordation." In re Ramos, 493 B.R. at 368. Examining the Legislative *Ratio* behind Law 216 one can attest that its sole purpose was "[t]o facilitate the recordation of documents that in several instances took over 10 to 15 years for the registrar to be able to review and record." Id. at 367. In pertinent part, Law 216, prescribes:

> Various factors have caused this delay, to wit, the dramatic increase in the presentation of documents during the 1990s; the slow implantation of modern computerized systems, the complexity of the documents; and above all, the serious disproportion between the human and fiscal resources allocated to the Property Registry and the function it carries out within our society.

2010 P.R. Laws No. 216 at 2.

10

The presumption established by Law 216 is easily rebutted given the lack of "tracto" or sequence in the chain of titleholders, which constitutes a clear violation of the basic principle of "tracto sucesivo" found in article 17 of Puerto Rico Mortgage Law and Registry of the Property Law, 30 L.P.R.A. section 6032. There is no doubt that the anomaly in the recordation process "[i]mpedes the mortgage loans from having actual guarantees, which renders access to capital and consequently, economic growth more difficult." In re Ramos, 493 B.R. at 367; (citing Law 216's Statements of Motives, 2010 P.R. Laws No. 216 at 2; Sanchez Diaz v. Estado Libre Asociado de Puerto Rico, 181 P.R. Dec. 810, 826-827 (2011)).

This backlog was the finality to promote Law 216 as a temporary measure for all those documents that were not yet recorded in the Registry. In re Ramos, 493 B.R. at 367. Law Number 216 was enacted to accelerate the registration of documents, but it was not a free pass for all mistakenly presented documents to be registered and remain registered. If the registration is mistaken, it must be rectified as per the same Law Number 216. In this case, through judicial intervention. Consequently, we concur with the holding in In re Ramos. Law 216 does not save DLJ from the inevitable conclusion that there is a defect in the recordation which prevents it from having a valid registered lien on the property.

**CONCLUSION**

In closing, the court finds no merit in DLJ's argument that the Plaintiff has no standing to pursue this action. The first case cited by DLJ, In re Turner, 490 B.R. 1 (Bankr.D.C.C. 2013), deals

11

with the avoidance powers of a chapter 13 trustee pursuant to 11 U.S.C. §§ 522(h) and 544. These sections are inapplicable to the case presently before the court. In the complaint, the Plaintiff seeks the determination of the secured status of claims 8 and 9 pursuant to 11 U.S.C. § 506. The other cases cited by DLJ will not be discussed by the court as they are wholly irrelevant to the specific rights of a debtor to seek a determination under section 506.

There is no question that when Debtor filed his voluntary petition, the purchase deed was not recorded in the Property Registry. As such, pursuant to Puerto Rico Law, DLJ does not have a valid lien and consequently does not have a secured claim over Debtor's Property. It is well established that "[w]ithout successive record, a mortgage lien may not be validly recorded in accordance with Article 57 of the P.R. Mortgage Act of 1979, P.R. Laws Ann. Tit. 30, § 2260." Id.

Accordingly, DLJ's *Motion for Summary Judgment* [Dkt. No. 70] is DENIED, and Plaintiff's cross motion request for summary judgment contained in his *Reply to Defendant's Request for Summary Judgment* [Dkt. No. 76] is GRANTED.

SO ORDERED

San Juan, Puerto Rico, this 4th day of June, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

12